**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LORI SPAULDING, CERELIA
DICKSON, and GENEA DICKSON,[1]

     Plaintiffs,

v.                                                                                  Case No:  5:15-cv-442-Oc-30PRL

CONTEMPORARY CHRISTIAN
OUTREACH MINISTRIES, INC.,

     Defendant.
_____/

## FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiffs' reinstated Motion for Final

Judgment (Doc. 27).  The Court, having reviewed the motion and Plaintiffs' complaint,

and having held an evidentiary hearing as to damages on May 13, 2016, concludes that the

motion should be granted.

Plaintiffs filed a one-count complaint against Defendants Contemporary Christian

Outreach Ministries, Inc. ("CCOM") and Kathryn J. Crowell alleging violation of the

minimum-wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206,

216(b).  (Doc. 3).  Defendants filed an answer and the case proceeded as usual.  On January

7, 2016, following the parties' FLSA settlement discussions, Defendants' counsel moved

---

[1] Plaintiffs Lori Spaulding and Cerelia Dickson's names were spelled incorrectly in the complaint as Laurie Spaulding and Carnelia Dickson, respectively.  (Doc. 1).  The Clerk's office is directed to amend the docket accordingly to reflect the correct spelling of these Plaintiff's names.

to withdraw due to a conflict of interest that had arisen between Defendants. (Doc. 18). The Court permitted counsel to withdraw but instructed CCOM to obtain new counsel because a corporation is not permitted to proceed pro se. *See* M.D. Fla. Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."). After CCOM failed to comply with the Court's directive to obtain counsel, the Court issued an order to show cause, directing CCOM to obtain counsel and warning that failure to comply would result in a court's default. (Doc. 21).

CCOM failed to obtain counsel or respond to the Court's order to show cause. Consequently, the Court directed the clerk to enter a default against CCOM. (Docs. 24, 25). Plaintiffs then sought final judgment against CCOM. (Doc. 27). The Court denied Plaintiffs' motion as premature in light of the fact that the case remained pending against individual defendant Kathryn J. Crowell. (Doc. 28). Plaintiffs moved to voluntarily dismiss this action against Kathryn J. Crowell and to reinstate the present motion for final judgment against CCOM. (Doc. 29). The Court granted the motion. (Doc. 30).

An evidentiary hearing as to damages was held on May 13, 2016, at which Plaintiffs Lori Spaulding, Cerelia Dickson, and Genea Dickson testified. Specifically, Plaintiffs testified that they were owed unpaid wages by CCOM as follows: (1) Lori Spaulding testified that she was owed $1,221.56, (2) Cerelia Dickson testified that she was owed $2,367.88, and (3) Genea Dickson testified that she was owed $960.61. These were the same amounts as stated in Plaintiffs' sworn answers to the Court's interrogatories. (Doc.

8, Exs. A-C).  Plaintiffs also seek liquidated damages[2] and attorney's fees and costs in the amount of $11,115.  (Doc. 27, Exs. A-B).  CCOM did not appear at the hearing and did not otherwise contest Plaintiffs' motion for final default judgment.

As stated at the hearing, under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 55(b), Plaintiffs are entitled to damages as follows: (1) $2,443.12 as to Lori Spaulding, (2) $5,235.76 as to Cerelia Dickson, and (3) $1,921.22 as to Genea Dickson. The Court also awards Plaintiffs' counsel $11,865 in attorney's fees and costs.[3]

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiffs' reinstated Motion for Final Judgment (Doc. 27) is GRANTED.

2.  The Clerk is directed to enter Final Judgment in favor of Plaintiffs and against Defendant Contemporary Christian Outreach Ministries, Inc. in the total amount of $21,465.10, comprising (1) $2,443.12 in damages to Lori Spaulding, (2) $5,235.76 in damages to Cerelia Dickson, (3) $1,921.22 in damages to Genea Dickson, and (4) $11,865 in attorney's fees and costs to Plaintiffs' counsel.   These amounts shall accrue postjudgment interest at the federal statutory rate.

3.  The Clerk is directed to close this case and terminate any pending motions as moot.

---

[2] Liquidated damages would increase the amount owed to each Plaintiff to $2,443.12, $5,235.76, and $1,921.22, respectively.  (Doc. 27).

[3] At the evidentiary hearing, the Court awarded Plaintiffs' counsel an additional $750 in attorney's fees for the evidentiary hearing.

4.  For all of which let execution issue.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of May, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record