**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**LORI SPAULDING, CERELIA
DICKSON and GENEA DICKSON,**

    **Plaintiffs,**

v.                                                            **Case No: 5:15-cv-442-Oc-30PRL**

**CONTEMPORARY CHRISTIAN
OUTREACH MINISTRIES, INC.**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

This case is before the Court for consideration of Plaintiffs' Motion for Final Judgment in Garnishment (Doc. 49), seeking a final judgment in its favor and against Suntrust Bank (the "Garnishee") with respect to a writ of garnishment issued by the Court on July 7, 2016, and served on the Garnishee and Defendant. (Doc. 38). Garnishee Suntrust Bank answered the writ and stated that it has retained $10,740.40 of Defendant's funds that are subject to garnishment. (Doc. 40).

Further, on September 1, 2016, the undersigned conducted a hearing regarding matters related to the writ of garnishment, including Defendant's motion for an extension of time to respond or reply to the writ of garnishment. To summarize, Defendant made a belated attempt to

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

- 2 -

file a claim of exemption and dissolve the writ by arguing that it is entitled to an exemption under Fla. Stat. § 77.041 on the basis that the funds to be garnished are public assistance and welfare monies.  This was the only argument offered in support of its untimely motion to dissolve the writ.  (Doc. 42, p. 5).  During the hearing, the parties presented argument and had an opportunity to present evidence.  As discussed in detail in the Court's Order entered September 2, 2016 (Doc. 48), Defendant failed to file a timely claim of exemption or move to resolve the writ.  Further, regardless of the issue of timeliness, Defendant failed to assert a valid exemption, and failed to allege that any allegation in Plaintiff's motion for writ is untrue.  As I concluded in the prior Order, Defendant has no valid basis for the claimed exemption, and permitting a motion to dissolve the writ would be an exercise in futility.  (Doc. 48).  Defendant has not filed any additional objections to the writ or the Court's Order entered September 2, 2016.  (Doc. 48).

Accordingly, it is therefore respectfully recommended that Plaintiffs' motion for final judgment in garnishment be granted.

**Recommended** in Ocala, Florida on September 30, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties